IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:13-CV-240-D

| | | |
|---|---|---|
| O'NEIL JACOBS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| HATTIE J. CAMPBELL, | ) | |
| | ) | |
| Defendant. | ) | |

On November 7, 2013, O'Neil Jacobs ("Jacobs" or "plaintiff"), proceeding pro se, filed a complaint concerning his deceased mother's estate [D.E. 1]. On January 27, 2014, defendant moved to dismiss [D.E. 7]. See Fed. R. Civ. P. 12(b)(1). On April 7, 2014, Jacobs moved to add his brother Van D. Jacobs as a plaintiff [D.E. 11]. As explained below, the court dismisses the action for lack of subject-matter jurisdiction and denies the other motions.

"[F]rivolous complaints are subject to dismissal pursuant to the inherent authority of the court, even when the filing fee has been paid." Ross v. Baron, 493 F. App'x 405, 406 (4th Cir. 2012) (per curiam) (unpublished) (citing Mallard v. U.S. Dist. Court, 490 U.S. 296, 307–08 (1989)); see Fitzgerald v. First E. Seventh St. Tenants Corp., 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam). "In addition, because a court lacks subject matter jurisdiction over an obviously frivolous complaint, dismissal prior to service of process is permitted." Ross, 493 F. App'x at 406.

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted).

Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009). Additionally, a federal court first must determine whether it has subject-matter jurisdiction. See, e.g., Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479–80 (4th Cir. 2005). Jacobs, as the party asserting subject-matter jurisdiction, must prove that it exists. See, e.g., Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103–04 (1988); Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering the issue of subject-matter jurisdiction, the court must determine whether the complaint contains a colorable federal claim. See, e.g., Arbaugh v. Y & H Corp., 546 U.S. 500, 506, 514 (2006).

Jacobs alleges that this court possesses jurisdiction pursuant to a non-existent federal statute, "Title 42 Sec. 3575[.]" Compl. [D.E. 1] 2. Jacobs also alleges that defendant, Hattie Campbell, his sister, committed "forge[r]y, tampe[r]ing with records [and] i[]dentification" in connection with Campbell's administration of their deceased mother's estate. Id. 2–3. Both Jacobs and Campbell reside in North Carolina. Id. 1–2. Van Jacobs, plaintiff's brother, also resides in North Carolina. See [D.E. 11-1] 1. Jacobs attached to his complaint copies of filings made in state probate court and seeks "an unbiased party to help us in this matter and bring the culprits of the missing funds to justice." Compl. 3. Jacobs seeks $6 million in damages. Id. 5.

There is no presumption that a federal court has jurisdiction. See Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 677 (4th Cir. 2005); Pinkley, Inc. v. City of Frederick, 191 F.3d

2

394, 399 (4th Cir. 1999). Moreover, "[i]t is not sufficient to obtain jurisdiction . . . to merely assert a constitutional violation." Davis v. Pak, 856 F.2d 648, 650 (4th Cir. 1988) (quotation omitted). If the complaint does not contain "an affirmative pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction [only] if the facts supporting jurisdiction have been clearly pleaded." Pinkley, Inc., 191 F.3d at 399.

"[A] federal court has no jurisdiction to probate a will or administer an estate, the reason being that the equity jurisdiction conferred by the Judiciary Act of 1789 . . . did not extend to probate matters." Markham v. Allen, 326 U.S. 490, 494 (1946). "Thus, the probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court." Marshall v. Marshall, 547 U.S. 293, 311–12 (2006). Jacobs seeks an investigation into his sister's performance as administrator of his mother's estate, and the court lacks jurisdiction over his claims. Even if Jacobs's claims do not fall within the probate exception, the court has neither diversity jurisdiction nor federal-question jurisdiction. See, e.g., Gustafson v. Zumbrunnen, 546 F.3d 398, 400–01 (7th Cir. 2008).

To the extent that Jacobs seeks to prosecute Campbell for the federal crimes of bank fraud and money laundering, see Compl. 3, "the United States and its attorneys have the sole power to prosecute criminal cases in the federal courts," and private citizens cannot petition federal courts to compel the criminal prosecution of another person. See Maine v. Taylor, 477 U.S. 131, 136–37 (1986); Leeke v. Timmerman, 454 U.S. 83, 86–87 (1981) (per curiam); Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Thus, the court dismisses any claim predicated on a federal criminal statute.

3

In sum, the court DISMISSES this action for lack of jurisdiction and DENIES AS MOOT the pending motions [D.E. 7, 11]. The clerk shall close the case.

SO ORDERED. This **27** day of August 2014.

*JAMES C. DEVER III*
JAMES C. DEVER III
Chief United States District Judge